TODD A. CAVANAUGH (SBN 196098)
  *tcavanaugh@yukelaw.com*
RAYMOND H. HUA (SBN 222466)
  *rhua@yukelaw.com*
PAUL C. WHITE II (SBN 213900)
  *pwhite@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone: (213) 362-7777
Facsimile: (213) 362-7788

THOMAS J. CULLEN (*pro hac vice*)
  *tjc@gdldlaw.com*
GOODELL DeVRIES LEECH & DANN
One South Street
Baltimore, Maryland 21202

Attorneys for Defendant
CROWN EQUIPMENT CORPORATION

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

# RIVERSIDE

| | |
|---|---|
| JOSE LINARES, | CASE NO. 5:16-CV-01637-JGB-KK |
| Plaintiff, | **ENTRY OF JUDGMENT FOLLOWING JURY VERDICT (FRCP 58(b)(2)(A))** |
| vs. | Assigned to Hon. Jesus G. Bernal |
| CROWN EQUIPMENT CORPORATION, et al. | Trial Date: February 20, 2018 |
| Defendants. | |

This action came on regularly for trial on February 20, 2018, in Courtroom 1 of the above-titled court, the Honorable Jesus G. Bernal, Judge presiding. Plaintiff JOSE LINARES appeared by and through his attorneys of record, Roger L. Gordon and Vincent V. Bennett of the law firm Gordon Edelstein Krepack Grant Felton and

Goldstein.  Defendant CROWN EQUIPMENT CORPORATION appeared by and through its attorneys of record, Todd A. Cavanaugh of the law firm Yukevich | Cavanaugh and Thomas J. Cullen (*pro hac vice*) of the law firm Goodell Devries Leech & Dann.  A jury of eight persons was regularly impaneled and sworn.  One juror was subsequently excused, leaving seven jurors to hear the evidence and arguments of counsel.

Witnesses were sworn and testified.  After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a verdict on special issues.  The jury deliberated and thereafter returned into court, which said verdict was in words and figures as follows, to wit:

We, the jury, answer the questions submitted to us as follows:

**Verdict Form Question No. 1**

Did the RR5020 forklift fail to perform as safely as an ordinary consumer would have expected when used or misused in an intended or reasonably foreseeable way?

_____ Yes        __X___ No

If your answer to question 1 is yes, then answer question 2.  If you answered no, proceed to question 3.

**Verdict Form Question No. 2**

Was the design of the RR5020 forklift a substantial factor in causing harm to

Plaintiff Jose Linares?

_____ Yes          _____ No

Proceed to the next question.

**Verdict Form Question No. 3**

Was Crown negligent in the maintenance of the RR5020?

_____ Yes          __X___ No

If your answer to question 3 is yes, then answer question 4.  If your answer to question 3 is no, **and** you answered no to question 1 or no to question 2, stop here, answer no further questions, and have the presiding juror sign and date this form.

**Verdict Form Question No. 4**

Was Crown's negligence a substantial factor in causing harm to Plaintiff Jose Linares?

_____ Yes          _____ No

If your answer to question 4 is yes, then answer question 5.  If your answer to question 4 is no, **and** you answered no to question 1 or no to question 2, **and** you answered no to question 3, stop here, answer no further questions, and have the presiding juror sign and date this form.

**Verdict Form Question No. 5**

Was Plaintiff Jose Linares negligent?

_____ Yes          _____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, proceed to question 8.

**Verdict Form Question No. 6**

Was Plaintiff Jose Linares' negligence a substantial factor in causing his harm?

_____ Yes          _____ No

Proceed to the next question.

**Verdict Form Question No. 7**

What percentage of responsibility for Plaintiff Jose Linares's harm do you assign to the following? Insert a percentage for Crown and for Plaintiff Jose Linares if you answered "yes" to question 6. The total percentages should equal 100%.

| | |
|---|---|
| Crown: | _____% |
| Plaintiff Jose Linares: | _____% |
| TOTAL: | 100 % |

Proceed to the next question.

**Verdict Form Question No. 8**

What are Plaintiff Jose Linares' damages?

a.    Economic Losses               $_____

b.    Non-economic Losses          $_____

The presiding juror signs and dates the verdict form.

Dated: <u>February 28, 2018</u>        Signed:    REDACTED

                                                                                           Presiding Juror

After this verdict form has been signed, notify the clerk that you are ready to present your verdict in the courtroom.

Therefore, by reason of said special verdict, Defendant Crown Equipment Corporation is entitled to Judgment against Plaintiff Jose Linares.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

Judgment is entered in favor of Defendant Crown Equipment Corporation and against Plaintiff Jose Linares. Plaintiff Jose Linares shall take nothing against Defendant Crown Equipment Corporation. Defendant Crown Equipment Corporation shall be entitled to its costs in an amount to be determined following

///

///

///

1835162.1 / 188-001    5    5:16-CV-01637-JGB-KK
ENTRY OF JUDGMENT FOLLOWING JURY VERDICT (FRCP 58(b)(2)(A))

Defendant Crown Equipment Corporation's submission of a Bill of Costs within 14 days of the clerk's notice of entry of this Judgment, pursuant to FRCP 54 and Local Rule 54-1 et seq.

IT IS SO ORDERED.

DATED: March 30, 2018

                        Honorable Jesus G. Bernal
                        UNITED STATES DISTRICT JUDGE

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telphone (213) 362-7777
Facsimile (213) 362-7788